BRYAN SCHWARTZ LAW, P.C.
Bryan Schwartz (SBN 209903)
Sam Goity (SBN 359678)
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel. (510) 444-9300
Fax (510) 444-9301
bryan@bryanschwartzlaw.com
sam@bryanschwartzlaw.com


DEMOCRACY FORWARD FOUNDATION
Sarah Goetz*
Ayesha Khan*
Elena Goldstein*
P.O. Box 34553
Washington, D.C. 20043
Tel. (202) 448-9090
sgoetz@democracyforward.org
akhan@democracyforward.org
egoldstein@democracyforward.org

*Attorneys for Plaintiffs*

**Pro hac vice* application forthcoming

AMERICANS UNITED FOR SEPARATION
OF CHURCH & STATE
Rebecca S. Markert*
Amy Tai*
Jenny Samuels*
Elias Daiute*
1310 L Street NW, Suite 200
Washington, D.C. 20005
Tel. (202) 466-3234
markert@au.org
tai@au.org
samuels@au.org
daiute@au.org

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF FEDERAL EMPLOYEES, ADAM DIAMOND, LANETTE DIETRICH, THOMAS MAGEE, ASHLEY MILLER, ANNE POOPATANAPONG, ETHAN ROBERTS, and JENNIFER WOLFE,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, and<br><br>BROOKE L. ROLLINS, Secretary of Agriculture, in her official capacity,<br><br>    Defendants. | Case No. 3:26-cv-04406<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>    **United States Constitution, First Amendment, Establishment Clause; Administrative Procedure Act** |

The National Federation of Federal Employees ("NFFE" or "Union Plaintiff") and Adam Diamond, Lanette Dietrich, Thomas MaGee, Ashley Miller, Anne Poopatanapong, Ethan Roberts, and Jennifer Wolfe ("Individual Plaintiffs" and, together with NFFE, "Plaintiffs") complain and allege against the United States Department of Agriculture ("USDA") and Secretary of Agriculture Brooke Rollins (the "Secretary"), in her official capacity (together, "Defendants"), as follows:

**INTRODUCTION**

1.      "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion." *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943).

2.      Yet during her approximately fifteen months at the helm of USDA, Secretary Rollins has done just that. She has adopted a practice of sending increasingly proselytizing communications to the entire USDA workforce, promoting her own preferred brand of Christian beliefs and theology to the captive audience of employees that report to her, directly or indirectly.

3.      The Secretary's practice reached a crescendo with her April 5, 2026 Easter email, in which she heralded "the greatest story ever told, the foundation of *our* faith, and the abiding hope of all mankind" (emphasis added). The Secretary extolled "the foot of the Cross on Good Friday," "sin" being "destroyed," "Hell" having "t[aken] a body, and discovered God," and Jesus being "raised from the dead." She described her USDA subordinates as being "like the very first disciples to encounter our risen Lord . . . almost two thousand years ago."

4.      This the Establishment Clause does not countenance.

5.      Our nation's Founders—having learned from the harmful effects of past religious conflicts—adopted the Establishment Clause of the First Amendment to safeguard against government promoting any favored religion or imposing its preferred religious practice on its citizens to protect religious freedom for all.

- 1 -
COMPLAINT

6.      Secretary Rollins's practice and policy of subjecting agency employees to proselytizing messages conveys the expectation that USDA employees share in the Secretary's religious beliefs, even when doing so would betray an employee's own beliefs. It is exactly the sort of government-sponsored religious coercion, religious sermonizing, and denominational preference that the Establishment Clause prohibits.

7.      Plaintiffs—a group of multifaith and nonreligious USDA employees, and the National Federation of Federal Employees, a national labor union representing more than 19,000 USDA employees with diverse religious beliefs—are subject to the effects of that coercion, religious sermonizing, and denominational preference. Individual Plaintiffs and NFFE members feel that the Secretary is pressuring them to share in her religious beliefs. They feel excluded and unwelcome, and they fear the negative consequences of not sharing the Secretary's religion or expressing their own different beliefs in the workplace.

8.      Notwithstanding that fear of retaliation, Plaintiffs from across the agency together bring this action to vindicate their constitutional right to be free from the government imposition of religion and to stop the Secretary from further pressuring and intimidating them—and other USDA employees who may be afraid to come forward.

9.      Absent intervention by the Court, the Secretary will, at a minimum, continue to mark Christian holidays and observances with proselytizing communications to USDA employees, at the expense of Individual Plaintiffs, NFFE's members, and all other USDA workers who deserve to perform their valuable public-service work on behalf of the American people without such unlawful interference.

10.     The Secretary's ongoing practice and policy violates the Establishment Clause and the Administrative Procedure Act ("APA"), and accordingly this Court should declare that Defendants' proselytizing religious communications are unlawful, enjoin the Secretary or any other USDA official

- 2 -
COMPLAINT

from issuing such religious communications, and vacate Defendants' policy of issuing religious messages of this kind.

### THE PARTIES

11.    Plaintiff National Federation of Federal Employees is an unincorporated association with its principal place of business in Washington, D.C. It is a national labor union representing approximately 110,000 federal government workers across the United States, including more than 19,000 USDA employees in the U.S. Forest Service, Animal and Plant Health Inspection Service, and Office of the Chief Information Officer.

12.    Plaintiff Adam Diamond is an employee of USDA in Washington, D.C. He has been an employee with USDA for over twelve years, currently in the Agricultural Marketing Service. He resides in Maryland.

13.    Plaintiff Lanette Dietrich is an employee of USDA in Des Moines, Iowa. She has been a federal civil servant for nearly forty years at USDA in the National Resources Conservation Service. She resides in Iowa.

14.    Plaintiff Thomas MaGee is an employee of USDA in Vallejo, California.  He has been a federal civil servant for 27 years, including the last fourteen years at USDA as an employee with the U.S. Forest Service. He resides in Contra Costa County, California.

15.    Plaintiff Ashley Miller is an employee of USDA in Columbia, South Carolina. They have been an employee at USDA for nine years, currently in the U.S. Forest Service. They reside in South Carolina.

16.    Plaintiff Anne Poopatanapong is an employee of USDA in Vallejo, California. She has been a federal civil servant for over twenty-five years at USDA in the U.S. Forest Service. She resides in the state of Washington.

17.    Plaintiff Ethan Roberts is an employee of USDA in Peoria, Illinois. He has been a

- 3 -
COMPLAINT

federal civil servant for ten years at USDA in the Agricultural Research Service. He resides in Illinois.

18.     Plaintiff Jennifer Wolfe is an employee of USDA and works remotely in California, where she resides. She has been a federal civil servant for over fifteen years at USDA in the U.S. Forest Service.

19.     The United States Department of Agriculture is a federal agency headquartered in Washington, D.C., and with offices throughout Northern California and the country.

20.     Brooke L. Rollins is the Secretary of Agriculture. She is sued in her official capacity.

## JURISDICTION AND VENUE

21.     The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because Plaintiffs' claims arise under federal law, namely, the U.S. Constitution and the Administrative Procedure Act, 5 U.S.C. §§ 551–559; and because Defendants are a United States agency and official, 28 U.S.C. § 1346(a)(2).

22.     The Court has authority to enter declaratory and injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure; the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202; the All Writs Act, 28 U.S.C. § 1651; and the Court's inherent equitable powers.

23.     Venue is proper under 28 U.S.C. § 1391(e)(1) because Plaintiff MaGee resides in this District; no real property is involved in this action; and Defendants are an agency and officer of the United States sued in her official capacity.

## FACTUAL BACKGROUND

**The Constitution's Founders Built a Wall of Separation Between Church and State**

24.     The Establishment Clause of the First Amendment is rooted in the Founders' concerns about the religious persecution and political strife that arose when government promoted and favored some religions over others or forced religious beliefs on its citizens. To build a country where religious freedom thrives for all, and to prevent religion from corrupting government and government from

- 4 -
COMPLAINT

corrupting religion, the Founders called for the separation of church and state.

25.    The Founders' experiences taught them that "in the hands of government what might begin as a tolerant expression of religious views may end in a policy to indoctrinate and coerce." *Lee v. Weisman*, 505 U.S. 577, 591–92 (1992). Indeed, "[a] state-created orthodoxy puts at grave risk that freedom of belief and conscience which are the sole assurance that religious faith is real, not imposed." *Id.* at 592.

26.    The Founders thus sought to limit government coercion and promotion of religion, and imbued the Establishment Clause with this purpose. There is "[n]o doubt" that religious "coercion . . . was among the foremost hallmarks of religious establishments the framers sought to prohibit when they adopted the First Amendment." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 537 (2022). And the First Amendment reflects the Founders' understanding that "the 'fullest realization of true religious liberty requires that government' refrain from 'favoritism among sects.'" *Cath. Charities Bureau, Inc. v. Wis. Lab. & Indus. Rev. Comm'n*, 605 U.S. 238, 248 (2025) (quoting *Larson v. Valente*, 456 U.S. 228, 246 (1982)).

**Secretary Rollins's Practice and Policy of Promoting Christianity at USDA**

27.    Secretary Rollins was sworn in as Secretary of Agriculture on February 13, 2025, vowing to protect and defend the Constitution of the United States as the head of USDA, an agency with roughly 100,000 civil-service employees.

28.    All USDA employees report to Secretary Rollins—whether directly or indirectly—and are her subordinates.

29.    Since her appointment, Secretary Rollins has engaged in an escalating pattern of subjecting all USDA employees to proselytizing Christian messaging promulgated from her position of authority.

30.    The religious messages appeared to be non-denominational at first. On July 4, 2025,

COMPLAINT

Secretary Rollins sent from her official email account a message celebrating Independence Day to email lists containing all USDA employees. At the conclusion of her email, Secretary Rollins expressed: "May God continue to protect the United States of America and may His favor shine over all her land."

31.    On November 26, 2025, Secretary Rollins sent from her official email account a Thanksgiving message to email lists containing all USDA employees. In the email, Secretary Rollins described the first Thanksgiving in 1621 and credited "gratitude towards a loving God" in bringing together "two peoples" "despite their differences."

32.    Since Thanksgiving 2025, Secretary Rollins has marked two major Christian holidays with proselytizing Christian messages to all USDA workers.

33.    On December 23, 2025, Secretary Rollins dramatically escalated her religious sermonizing in a Christmas message. She again emailed from the Secretary's official email account to email lists including all USDA employees. The email was expressly addressed to "All USDA Employees" and was titled "Merry Christmas from Secretary Rollins." Secretary Rollins addressed USDA staff directly in a video message that included her preaching, "The spirit of generosity flows from the very first Christmas when God gave us the greatest gift possible, the gift of his Son and our Savior Jesus Christ, who came to free us from our sins and open the door to eternal life. This is the reason for the season. . . ."

34.    On April 5, 2026, Secretary Rollins sent another email expressly addressed to "All USDA Employees (the "Easter Sermon"):

> Team USDA,
>
> Happy Easter — He is risen indeed!
>
> Today we celebrate the greatest story ever told, the foundation of our faith, and the abiding hope of all mankind.

From the foot of the Cross on Good Friday to the stone rolled away from the now empty tomb, sin has been destroyed. Jesus has been raised from the dead. And God has granted each of us victory and new life. And where there is life — risen life—there is hope.

No matter the very real trials and hardships we face, fear and sin and death do not get the last word. Because on Easter morning, "Hell took a body, and discovered God. It took earth, and encountered Heaven. It took what it saw, and was overcome by what it did not see." Now that is reason to rejoice!

And so like the very first disciples to encounter our risen Lord in the Upper Room almost two thousand years ago, this Easter let us too be alive with hope, full of Paschal joy, and confident in the mission each of us has been called for.

Please know how amazed and grateful I am for the hard work each of you do to support our shared mission here at USDA. I hope you and your loved ones have a truly blessed and happy Easter. May God continue to bless you, your families, and our exceptional country, One Nation, Under God.

35.    At the top of the email, attached hereto as Exhibit A, Secretary Rollins included an illustration of a stone rolled away from Jesus' tomb with the words "Christ is Risen" written above the illustration.

36.    Secretary Rollins's Easter Sermon draws heavily on biblical references that promote a particular religion—Christianity—which the Secretary's message evangelizes as fact.

37.    The denominational favoritism conveyed in Secretary Rollins's communications indoctrinates USDA employees and has caused them to feel coerced, unwelcome, excluded, and like outsiders to the agency.

38.    The first sentence of the Easter Sermon alone—with phrases such as "*we* celebrate," "the *greatest* story ever told," "*our* faith," and "the abiding hope of *all mankind*" (emphases added)—communicates that there is a preferred religious "in-group" at USDA. The Easter Sermon likewise conveys that USDA employees do and should hold uniform religious views that match those of the Secretary.

- 7 -
COMPLAINT

39.    Crucially, Secretary Rollins has sent no messages even acknowledging—let alone celebrating or sermonizing—other religions' holidays. That disparity is particularly stark in the case of the Easter Sermon, which Secretary Rollins sent *during* Passover, one of the most important Jewish holidays of the year.

40.    The Secretary has adopted this practice and policy of sending proselytizing Christian messages notwithstanding USDA guidance to the contrary. Indeed, in November 2025, USDA adopted a policy that purports to protect USDA workers from religious coercion, instructing that USDA officials "[c]annot use official authority to pressure subordinates" regarding their religious beliefs and that they "[m]ust stop if a colleague asks [them] to stop." *See* USDA Secretary's Memorandum 1078-019, Guidance on Federally Protected Religious Expression and Accommodation Rights (Nov. 20, 2025).

41.    Secretary Rollins's messages contravene the Memorandum and convey that the Secretary's own proselytizing Christian communications are uniquely permissible and are treated differently than other messages of religious expression.

42.    Having defended the Easter Sermon in the press,[1] Secretary Rollins is likely to continue the practice of sending proselytizing messages to all USDA employees to mark Christian holidays and observances.

### Secretary Rollins's Christian Proselytizing Harms Plaintiffs

#### *Individual Plaintiffs[2]*

43.    As employees of USDA, the Individual Plaintiffs are expected to read all communications from the Secretary, because she is the head of their agency and sits at the top of their

---

[1] *See* René Marsh, *Agriculture Secretary's Religious Easter Message to All Employees Sparks Internal Backlash and a Formal Complaint*, CNN (updated Apr. 9, 2026), https://perma.cc/43YR-7HA3.

[2] Individual Plaintiffs are not members of Plaintiff NFFE.

- 8 -

COMPLAINT

reporting chains and because her emails to employees regularly contain important information relevant to their jobs.

44.    The Secretary sends few communications to all employees. In fact, in the fifteen months that Secretary Rollins has led USDA, the Office of the Secretary has sent fewer than twenty emails to all USDA employees.

45.    Those that she does send tend to concern matters that profoundly affect USDA's workforce and that may have significant effects on Individual Plaintiffs' careers and families.

46.    In addition to the holiday emails with religious messages described above, most of the other emails have pertained to plans to reorganize much of the agency and require many employees to relocate; significant changes in USDA's civil rights program; closure of a USDA building; planning for a government shutdown; and the Deferred Resignation Program, which offered many USDA employees an exit from federal service.

47.    And historically, even holiday emails from USDA leadership have included specific job-related announcements, such as, for example, notifications regarding administrative leave (e.g., early dismissal).

48.    Individual Plaintiffs each received the Secretary's proselytizing messages, including the Easter Sermon, in their email inboxes. Each was expected to and did read these emails.

49.    They were shocked upon reading the Secretary's Easter Sermon. They felt violated by the Secretary's exploitation of her authority over and access to all USDA employees to preach about Jesus being "raised from the dead" and to impose her brand of Christianity on the agency's 100,000 employees.

50.    As civil servants, Individual Plaintiffs are obligated to serve the public in a religiously neutral manner. The agency's mission is to serve the American people, not to proselytize or promote one specific religion over others. Yet the Secretary is proselytizing to the entire USDA workforce,

expressing denominational favoritism, and portraying the agency's work as a mission to serve specific religious views.

51.    The Secretary's proselytizing, biblical references alongside phrases such as "the foundation of *our* faith," "God has granted each of *us*," and "let *us* too be alive" conveys to Individual Plaintiffs that the Secretary expects the USDA workforce to share the same beliefs as her and favors those who share her brand of Christianity (emphases added). And those who do not hold the same beliefs (including Individual Plaintiffs) are excluded and not welcome—or even risk losing their livelihoods.

52.    Individual Plaintiffs feel that the Secretary is pressuring them to believe in her faith or act as if they share the same faith as the Secretary. Given the Secretary's clear religious preference, Individual Plaintiffs feel intimidated from expressing their own beliefs at work and compelled to shape their behavior accordingly and hide their own beliefs.

53.    Individual Plaintiffs fear being singled out and disfavored for not being religious, not believing in the brand of Christianity that the Secretary espouses, or for having a different religion. They believe that the crux of the Secretary's messages is that the Christian "we" and "us" who are addressed in her sermons are imbuing USDA with a religious—rather than a secular—mission.

54.    Individual Plaintiffs also fear retaliation for objecting to the Secretary's preaching from the public office that she occupies.

55.    Indeed, USDA supervisors have made clear that objecting to the Secretary's proselytizing will result in "trouble."

56.    The Secretary's denominational preference has caused Individual Plaintiffs to feel alienated, unwelcome, and as outsiders in the agency.

### Plaintiff Adam Diamond

57.    Plaintiff Adam Diamond feels that the Secretary's Easter Sermon was exclusionary

- 10 -

and conveys the message that the Secretary's Christian beliefs are the only beliefs that matter, that everyone in the agency shares those beliefs, and other people's beliefs and traditions, including Mr. Diamond's, do not matter.

58.    Mr. Diamond is shocked that the head of the agency would use her official authority to preach as if she is on a pulpit and USDA is a church.

59.    The Secretary's proselytization tells Mr. Diamond, who is Jewish, that he is not part of the "in group" and is unwelcome at the agency.

60.    Mr. Diamond feels compelled and expected to read messages from the Secretary because she is the head of the agency, and her communications may contain important information that is relevant to Mr. Diamond's job.

***Plaintiff Lanette Dietrich***

61.    Plaintiff Lanette Dietrich feels that the Secretary's pattern of religious messaging, and the Easter Sermon in particular, are pressuring her to believe in the Secretary's specific brand of Christianity.

62.    The Easter Sermon conveys to Ms. Dietrich that there's only one way to believe and if she doesn't believe that way, she's not worthy.

63.    When Ms. Dietrich read, "Today we celebrate the greatest story ever told," she felt that the Secretary was directing her to celebrate the Secretary's specific beliefs, which Ms. Dietrich does not share.

64.    The Easter Sermon signaled to Ms. Dietrich that USDA's mission now is to be Christian and that to survive as part of "Team USDA," USDA employees should be Christian.

65.    When Ms. Dietrich asked her supervisor to remove her from USDA's distribution lists used for religious and faith-based messages (but to continue receiving work-related communications), her request was elevated to the Director of the Policy and Accountability Division at the National

- 11 -
COMPLAINT

Resources Conservation Service, who told her that this was not possible, and further threatened that elevating her request to the Chief of the National Resources Conservation Service would "create trouble" for Ms. Dietrich.

66.    The Secretary's proselytization and the agency's warning not to complain has made clear to Ms. Dietrich, who is a person of faith, that she needs to be very cautious about what she shares, if anything, about her own beliefs at work to avoid retaliation or other negative consequences.

67.    As a federal civil servant for nearly four decades who is committed to the National Resources Conservation Service's mission, Ms. Dietrich has never felt so alienated, marginalized, and unwelcome at the agency until now.

68.    Ms. Dietrich believes that it is expected for her to read messages from the Secretary because the Secretary is the leader of the agency and the emails may contain important information that is relevant to Ms. Dietrich or her work.

***Plaintiff Thomas MaGee***

69.    Plaintiff Thomas MaGee was deeply troubled by the Secretary's Easter Sermon, which he understood to equate his calling of service to USDA to the calling of service to Jesus Christ, and that USDA's mission is the same as the call to worship Jesus. And that—if he does not accept the religious calling—he is excluded and unwelcome.

70.    The Secretary's proselytization sends the message that there is a club—the Secretary's particular brand of Christianity—and that Mr. MaGee is not part of that club because he does not share the Secretary's beliefs.

71.    Mr. MaGee fears negative consequences if he were to share his nonreligious identity at work or retaliation from USDA leadership for objecting to the religious messages.

72.    In all his almost three decades in public service, Mr. MaGee has never been afraid for his job because he is nonreligious until now.

- 12 -
COMPLAINT

73.    Plaintiff MaGee feels compelled to read emails from the Secretary, which may contain important information about the major restructuring of the agency or have other information that could impact him, including whether the Secretary is offering early dismissal to employees.

### Plaintiff Ashley Miller

74.    Plaintiff Ashley Miller feels that Secretary Rollins's pattern of religious communications is turning USDA's mission to serve the American people into a mission to serve Christ.

75.    As understood by Mx. Miller, the Secretary's messages, particularly the Easter Sermon, which used phrases like "our," "we," and "us", made all federal employees sound like missionaries.

76.    This is deeply disturbing to Mx. Miller because they took an oath to uphold the U.S. Constitution and to serve the American people, regardless of their religious beliefs; yet the Secretary is conveying to Mx. Miller that their public service commitment is subservient to the Secretary's particular brand of Christianity or that their work for the agency is for God.

77.    The Secretary's proselytization causes Mx. Miller, who already feels targeted as a member of the LGBTQ community, to feel further excluded, unwelcome, and silenced at the agency.

78.    Mx. Miller, who is a Humanist and an atheist, feels that the Secretary's evangelizing is compelling them to further hide who they are and pressuring them to act as if they share the Secretary's beliefs.

79.    Mx. Miller believes they are expected to read communications from the Secretary and feels compelled to read them. The Secretary's emails may contain information about agency leadership goals, programs, or other information that Mx. Miller needs to know to carry out their job duties.

***Plaintiff Anne Poopatanapong***

80.    Plaintiff Anne Poopatanapong feels that the Easter Sermon conveys the exclusionary message that USDA is a Christian agency with Christian values and that one has to be Christian to be part of the inner circle.

81.    The Secretary's favoritism towards Christians and her use of "we," "our," and "us" in the Easter Sermon is marginalizing to Ms. Poopatanapong, who is Buddhist and does not subscribe to the Secretary's beliefs.

82.    She experiences the Secretary's proselytization as pressure to strip away her identity and individuality—Ms. Poopatanapong either has to hide who she is or risk losing a job to which she is deeply committed. For example, prior to the Secretary's religious messages, she may have shared that she celebrates a Buddhist holiday that occurs around Easter, but she no longer feels safe to share information that would reveal that she does not share the Secretary's Christian beliefs.

83.    Ms. Poopatanapong also believes that the Secretary's favoritism of a particular denomination of Christianity sets an unwelcome tone for the agency.

84.    Ms. Poopatanapong feels compelled to read communications from the Secretary because they are from leadership and may contain important information about major changes in the agency or include other information that could impact her, including whether the Secretary is offering early dismissal to employees.

***Plaintiff Ethan Roberts***

85.    Plaintiff Ethan Roberts feels isolated and excluded for not being Christian because of the Secretary's escalating proselytizing religious emails.

86.    The Secretary's use of "we" and "our faith" sends the message to Mr. Roberts that Christians are the "chosen ones" and part of the "inner circle" because they subscribe to the Secretary's beliefs.

87. In turn, Mr. Roberts feels that the Secretary is conveying to him that he is unwelcome and "going to hell" because he does not share the Secretary's beliefs.

88. Mr. Roberts, who is an atheist, feels silenced at work by the Secretary's religious messages and fears consequences for speaking about theology that does not align with the Secretary's beliefs.

89. The Secretary's proselytization also sends Mr. Roberts the demoralizing message that his commitment and contributions to public service are irrelevant because he is not Christian.

90. Plaintiff Roberts feels compelled to read communications from the Secretary because the Secretary is the head of the agency and the communications may contain important information about the agency's reorganization or other issues relevant to his job.

### Plaintiff Jennifer Wolfe

91. Plaintiff Jennifer Wolfe feels that the Secretary's proselytization is pressuring her to pretend that she is Christian if she wants to advance in her career at USDA.

92. The Secretary's Easter Sermon conveys to her that she is un-American because she doesn't pray to the "right" God—the Secretary's God.

93. Having experienced religious trauma in her youth, Ms. Wolfe no longer subscribes to the Southern Baptist faith she was raised with and objects to her employer—the federal government—imposing Christianity on her.

94. As a Pagan, Ms. Wolfe reveres nature and recognizes multiple deities, but the Secretary's religious messages make clear to Ms. Wolfe that she cannot be open about her religious beliefs at USDA, particularly to leadership.

95. As a member of the LGBTQ community, Ms. Wolfe has already been made to feel by the federal government that she does not belong; now, she feels she must hide another layer of herself—her religious identity and beliefs.

- 15 -
COMPLAINT

96.    Ms. Wolfe feels compelled to read the Secretary's emails and considers them mandatory. Communications from the Secretary are infrequent and may include information about major programs or other content relevant to her job.

***Union Plaintiff***

97.    NFFE represents more than 110,000 government workers, including more than 19,000 workers across several sub-agencies of USDA. Its mission is to advance the social and economic welfare and education of federal workers, including by fighting to protect the constitutional rights of its members.

98.    Like the Individual Plaintiffs, NFFE's members who are USDA employees received the Secretary's Easter Sermon email and earlier religious communications. Members felt compelled to open and read them.

99.    NFFE members, who have diverse religious beliefs and practices, are troubled by the Secretary's religious communications—particularly the Easter Sermon—which pressured members to accept the Secretary's specific brand of Christian beliefs, and which have deterred them from sharing their own religious beliefs that do not align with the Secretary's.

100.    For example, one NFFE member, an employee of the U.S. Forest Service based in Idaho, explained that the escalating religious messages from Secretary Rollins have left her feeling unsafe in the workplace as someone who is not religious.

101.    For her, receiving proselytizing messages from the head of her agency telegraphs from the top down that spreading a particular brand of Christianity in the workplace is permissible.

102.    This member experienced religious trauma as a young person raised in a Christian environment, and she subsequently worked in the private sector for employers who infused their workplaces with religion and promoted Christian beliefs that she does not share.

103.    When she accepted a position with a government agency, she expected that her

- 16 -
COMPLAINT

employer—being the federal government—would not engage in religious proselytization and would not promote one religion over others. Indeed, that was an important and motivating factor for her to take a job in public service.

104. This member does not feel safe to share her religious identity at work, to express her own views in her workplace, or to express opposition to the Secretary's proselytizing messages. Were she to do so, she fears being subject to disfavor or being retaliated against by colleagues and supervisors.

105. The Secretary's email has forced her to hide her own beliefs and act as if she shares the Secretary's faith.

106. Another NFFE member, an employee with the U.S. Forest Service based in Northern California, is Pagan and does not share the Secretary's faith or the beliefs expressed in the Easter Sermon. Although she previously chose not to discuss her religious views at work, receiving the Easter email has made clear that sharing any view other than the specific Christian messaging conveyed by the Secretary would leave her ostracized in the workplace.

107. She has understood Secretary Rollins's emails to convey the official Christian beliefs of the entire agency. That was underscored for her by Secretary Rollins's use of language like "*we* celebrate the greatest story ever told"; "God has granted *each of us* victory and new life"; "this Easter let *us too* be alive with hope, full of Paschal joy, and confident in the mission *each of us* has been called for" (emphases added).

108. Receiving the Secretary's proselytizing communications conveyed to this member that she is expected to accept Christian proselytizing in the workplace.

109. Another member, an employee of the U.S. Forest Service in Colorado, is not religious but her family background is Muslim.

110. The Secretary's email has sent her the message that her own employer, a government

- 17 -
COMPLAINT

agency, does not care about people with religious beliefs that differ from the Secretary's own. The Secretary's proselytizing message has communicated to her that, as a nonreligious person, she does not belong, and that people who worship like her family members are not welcome—something she had never before felt at the U.S. Forest Service or USDA.

## CLAIMS FOR RELIEF

### Count I

### Violation of the Establishment Clause of the First Amendment
### to the United States Constitution

111.     Plaintiffs repeat and reallege the allegations above as though fully set forth herein.

112.     The Establishment Clause of the First Amendment of the United States Constitution provides: "Congress shall make no law respecting an establishment of religion."

113.     Secretary Rollins's religious messages to all USDA employees, including the Easter Sermon, are unconstitutionally coercive because they exploit her authority as the head of the agency to proselytize and pressure the USDA workforce to believe in her brand of Christianity. The Secretary's missives impose religious beliefs and practices on a captive audience of employees, thereby pressuring employees to succumb to proselytization, to subscribe to or to pretend they subscribe to Christianity, and/or to censor themselves in the workplace.

114.     As the head of USDA, Secretary Rollins's religious messages to all USDA employees, including the Easter Sermon, express a denominational preference in violation of the "clearest command of the Establishment Clause," which is "that the government may not officially prefer one religious denomination over another." *Cath. Charities Bureau*, 605 U.S. at 247 (citation modified).

115.     Secretary Rollins's religious sermons to all USDA employees, including the Easter Sermon, do not fit within and are not consistent with the historical tradition in America going back to the adoption of the First Amendment.

- 18 -
COMPLAINT

116. Historical practices and understandings do not justify Secretary Rollins's religious proselytizing to all USDA employees, including the Easter Sermon, since the Founders enacted the First Amendment to protect the principle that individuals, not the government, should determine their religious practices.

117. As such, the Court should issue a declaration that Secretary Rollins's religious messages, including the Easter Sermon, are unconstitutional because they violate the Establishment Clause of the First Amendment.

118. The Court should issue an injunction barring USDA and its leadership, including the Secretary, from further communicating proselytizing Christian messages to USDA subordinates.

## Count II

### Violation of the Administrative Procedure Act—5 U.S.C. § 706(2)(A)
### Arbitrary and Capricious

119. Plaintiffs repeat and reallege the allegations above as though fully set forth herein.

120. Under the APA, a court shall "hold unlawful and set aside agency action . . . found to be arbitrary [or] capricious." 5 U.S.C. § 706(2)(A).

121. USDA is an "agency" under the APA. *See* 5 U.S.C. § 701(b)(1).

122. Secretary Rollins's policy of communicating proselytizing Christian messages to USDA subordinates is reviewable final agency action because it (1) "mark[s] the consummation of the agency's decisionmaking process" and (2) is an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citation modified).

123. The policy marks the consummation of USDA's decision-making process because the agency has determined that it will incorporate Christian proselytizing into official communications from the Secretary on and around major Christian and national holidays, and because Secretary Rollins is implementing that policy by sending such messages from the Office of the Secretary's

- 19 -
COMPLAINT

official email account to all USDA employees.

124.    The policy is also one by which rights or obligations are determined, and from which legal consequences flow, because it subjects the Individual Plaintiffs and Union Plaintiff's members to unconstitutional religious coercion and proselytization.

125.    An agency cannot depart from prior policies without acknowledging that it is making such a change and explaining its reasoning for doing so. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). Agencies must "examine the relevant data and articulate a satisfactory explanation" when altering or rescinding their rules. *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also Fox*, 556 U.S. at 515. And they must specifically consider the reliance interests of those who may be impacted by a change in their policies. *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30–31 (2020).

126.    The Secretary's religious-messaging policy departs without explanation from its previous policy of not sending proselytizing messages to USDA employees.

127.    The policy also departs without explanation from USDA Secretary's Memorandum 1078-019, Guidance on Federally Protected Religious Expression and Accommodation Rights (Nov. 20, 2025), which provides that USDA officials "[c]annot use official authority to pressure subordinates" regarding their religious beliefs and that they "[m]ust stop if a colleague asks [them] to stop."

128.    Defendants have failed to consider or explain the implications for existing reliance interests, including those of USDA civil servants who do not share the Secretary's religious views.

129.    The policy also fails to account for other legal requirements that are implicated by the policy change, namely, the Secretary's obligation not to violate the Establishment Clause protections enjoyed by USDA employees.

130.    The Court should declare the policy unlawful, vacate and set it aside, and enjoin

- 20 -
COMPLAINT

Defendants from carrying out the policy.

## Count III

### Violation of the Administrative Procedure Act—5 U.S.C. § 706(2)(B)
### Contrary to Constitutional Right

131. Plaintiffs repeat and reallege the allegations above as though fully set forth herein.

132. Under the APA, a court shall "hold unlawful and set aside agency action . . . found to be . . . contrary to constitutional right." 5 U.S.C. § 706(2)(B).

133. As set forth above, Secretary Rollins's religious sermons to USDA employees are unconstitutionally coercive in violation of the Establishment Clause of the First Amendment.

134. Defendants' policy violates the First Amendment and is therefore contrary to constitutional right under the APA.

135. The Court should declare the policy unlawful, vacate and set it aside, and enjoin Defendants from carrying out the policy.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court:

1. Declare that Defendants' policy and practice of communicating proselytizing Christian messages to USDA employees violates the Establishment Clause of the U.S. Constitution and the APA;

2. Enjoin Defendants from continuing to send or otherwise communicate proselytizing Christian messages to USDA employees;

3. Vacate and set aside the policy pursuant to 5 U.S.C. § 706;

4. Award reasonable attorneys' fees and litigation costs pursuant to applicable law, including but not limited to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

5. Award other relief as the Court may deem just and proper.

Dated: May 13, 2026

*/s/ Bryan Schwartz*

Bryan Schwartz (SBN 209903)
Sam Goity (SBN 359678)
BRYAN SCHWARTZ LAW, P.C.
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel. (510) 444-9300
Fax (510) 444-9301
bryan@bryanschwartzlaw.com
sam@bryanschwartzlaw.com

Rebecca S. Markert*+
Amy Tai*^
Jenny Samuels*
Elias Daiute*
AMERICANS UNITED FOR SEPARATION OF CHURCH & STATE
1310 L Street NW, Suite 200
Washington, D.C. 20005
Tel. (202) 466-3234
markert@au.org
tai@au.org
samuels@au.org
daiute@au.org

Sarah Goetz*
Ayesha Khan*
Elena Goldstein*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel. (202) 448-9090
sgoetz@democracyforward.org
akhan@democracyforward.org
egoldstein@democracyforward.org

*Pro hac vice* application forthcoming.
+Admitted to practice in Wisconsin; not a member of the D.C. bar.
^Admitted to practice in New York; not a member of the D.C. bar.

*Attorneys for Plaintiffs*

COMPLAINT

# Exhibit A

**From:** The Office of the Secretary - OSEC
**Subject:** Happy Easter!
**Date:** Sunday, April 5, 2026 10:20:50 AM
**Attachments:** image003.png

## For All USDA Employees



Team USDA,

Happy Easter – He is Risen indeed!

Today we celebrate the greatest story ever told, the foundation of our faith, and the abiding hope of all mankind.

From the foot of the Cross on Good Friday to the stone rolled away from the now empty tomb, sin has been destroyed. Jesus has been raised from the dead. And God has granted each of us victory and new life. And where there is life — risen life—there is hope.

No matter the very real trials and hardships we face, fear and sin and death do not get the last word. Because on Easter morning, "Hell took a body, and discovered God. It took earth, and encountered Heaven. It took what it saw, and was overcome by what it did not see." Now that is reason to rejoice!

And so like the very first disciples to encounter our risen Lord in the Upper Room almost two thousand years ago, this Easter let us too be alive with hope, full of Paschal joy, and confident in the mission each of us has been called for.

Please know how amazed and grateful I am for the hard work each of you do to support our shared mission here at USDA. I hope you and your loved ones have a truly blessed and happy Easter. May God continue to bless you, your families, and our exceptional country, One Nation, Under God.

 Sincerely,



Brooke L. Rollins
U.S. Secretary of Agriculture

