UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATIONAL FEDERATION OF FEDERAL EMPLOYEES, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

Defendants.

Case No. 26-cv-04406-TLT

**QUESTIONS FOR THE HEARING**

Re: Dkt. Nos. 26, 38

## I. PLAINTIFF DIETRICH

**A. To Both Parties**: What would be the impact of terminating Plaintiff Dietrich from the action for mootness?

## II. NON-EMAIL STATEMENTS

A. **To Plaintiff**: Plaintiff points out to the Court that "[t]he Secretary made the proselytizing purpose of her Easter Sermon evident when she posted on X in response to the filing of this action, 'It's just another opportunity to remind everyone: He is Risen.'" However, in this action, Plaintiffs' only challenge dissemination of the Secretary's emails, correct? What role, if any, does the Secretary's posts on X or statements made during interviews play in Plaintiffs' arguments? With binding authority in mind; how does it inform, support, or provide context to the litigation?

## III. COERCION UNDER THE ESTABLISHMENT CLAUSE

A. **To Both Parties**: As the Supreme Court acknowledged in *Kennedy v. Bremerton Sch. Dist.*, the Establishment Clause does not "'compel the government to purge from the public sphere' anything an objective observer could reasonably infer endorses or

United States District Court
Northern District of California

'partakes of the religious.'" *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 535, (2022) (citing *Van Orden v. Perry*, 545 U.S. 677, 699 (2005) (BREYER, J., concurring in judgment)). However, courts must be cautious to ensure that "what might begin as a tolerant expression of religious views" does not "end in a policy to indoctrinate and coerce." *Lee v. Weisman,* 505 U.S. 577, 591–92 (1992). While the Supreme Court "has disagreed on what exactly qualifies as impermissible coercion in light of the original meaning of the Establishment Clause," *Kennedy* 597 U.S. at 536–37, many cases help guide this Court analysis. The Court draws the parties' attention to a few of those cases. In *Santa Fe Independent School Dist. v. Doe*, the Supreme Court held that a school district violated the Establishment Clause by broadcasting a prayer "over the public address system" before each football game. 530 U.S. 290, 294 (2000). In reaching that conclusion, the Court observed that, while students generally were not required to attend games, attendance *was* required for "cheerleaders, members of the band, and, of course, the team members themselves." *Id.*, at 311. The Supreme Court in *Lee v. Weisman,* found coercion in requiring students to stand in a group or maintaining respectful silence during the invocation and benediction. 505 U.S. 577, 591–92 (1992). The Fourth Circuit in *Lund v. Rowan Cnty.* found coercion in Rowan County city official's practice of legislative prayer before proceeding with the meeting. 863 F.3d 268, 286–87 (4th Cir. 2017)

B. In Establishment Clause cases, coercion may take many forms: including but not limited to, affirmative action, compelled exposure, and/or penalty for nonparticipation.

   a. Recognizing the "fact-sensitive [inquiry]" involved in this analysis and considering *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 587 (2014), discuss how the facts before the Court are similar to or distinguishable from the cases discussed above.

## IV. CHANGE IN POLICY/PRACTICE

**A. <u>To Both Parties</u>**: Discuss the historical practice, if any, of the past Department Secretaries invoking specific religions in official correspondence with employees?

What has been the practice in the last two years?

## V. DATA ON USDA EMPLOYEES

**A.** **<u>To Both Parties</u>**: If available, please provide data with respect to the denominational makeup of the USDA?

The parties are ***ordered*** to respond in writing by no later than **<u>Friday, October 23, 2026</u>**. The parties' responses should be no longer than **3 pages**. A timely response will allow the parties to make efficient use of their time during oral argument.

IT IS SO ORDERED.

Dated: October 21, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California