United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATIONAL FEDERATION OF FEDERAL EMPLOYEES, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

Defendants.

Case No. 26-cv-04406-TLT

**QUESTIONS FOR THE HEARING**

The Court tentatively rules that Plaintiffs' APA claims fail because the emails do not constitute a final agency action. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (An agency action is final if it (1) "mark[s] the consummation of the agency's decisionmaking process" and (2) is an action "by which rights or obligations have been determined, or from which legal consequences will flow."). **The parties are encouraged to spend the majority of their time addressing Plaintiffs' Establishment Clause claim. The parties should be prepared to address the following questions:**

## I. RELIEF

**A. To Plaintiff**: Plaintiffs seek declaratory and injunctive relief to prevent "Defendants from continuing to send or otherwise communicate proselytizing Christian messages to USDA employees[.]" *See* Compl. Request for Relief ¶ 2. If the Court were to rule in Plaintiffs' favor, how might the Court go about "sifting sectarian from nonsectarian speech"? *See Town of Greece v. Galloway*, 572 U.S. 565, 577 (2014). Please provide a specific example of a declaratory judgment this Court could offer without offending the Secretary's right to free expression.

## II. COERCION

A. **To Both Parties**: In *Engel v. Vitale*, the Supreme Court stated that "[w]hen the power, prestige and financial support of government is placed behind a particular religious belief, the indirect coercive pressure upon religious minorities to conform to the prevailing officially approved religion is plain." 370 U.S. 421, 431 (1962). Other cases suggest that indirect pressure cannot constitute coercion. *See Town of Greece,* 572 U.S. at 590 (noting that "mature adults ... presumably are not readily susceptible to religious indoctrination or peer pressure"); *see also Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ*., 896 F.3d 1132, 1145 (9th Cir. 2018 (same)

i. Do the parties agree that *Engel* is good law? How does it apply to this case?

ii. How should the Court treat competing authority in *Town of Greece* and *Freedom From Religion Found Inc.*?

iii. What consequences might Plaintiffs face if they ignore or delete the Secretary's holiday emails?

iv. **Can Plaintiffs opt-out of receiving holiday emails from the Secretary?**

## III. DENOMINATIONAL PREFERENCE

A. **To Both Parties**: Defendant provides one example of an executive branch official's invocation of denominational remarks from his official position. See ECF 38 at 29 (noting President Harry S. Truman's remarks at a luncheon in Kansas City in 1950 that "[o]ur growth and our laws are founded on those originating with Hammurabi in the Mesopotamian Valley, propounded by Moses, and elaborated on by Jesus Christ, whose Sermon on the Mount is the best ethical program by which to live.")

i. Applying the history and tradition test articulated *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 510 (2022), is this example sufficient to establish that sectarian religious invocation is in "accord with history and faithfully reflect[s] the understanding of the Founding Fathers." *Id.* at 535 (cleaned

up) (internal citation omitted)?

ii. Could any other denominations survive the history and tradition test under *Kennedy*? For example, during his or her tenure, could a Department Secretary send sectarian emails invoking only Islamic traditions, celebrations and imagery? Buddhist? Sikh?

IT IS SO ORDERED.

Dated: October 27, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California